**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>_____ ) | No. 1:18-cv-1766-RBW |

**JOINT PROPOSED SCHEDULE**

In a September 6, 2018 minute order, the Court ordered the parties to file a joint proposed schedule for this case, in which Plaintiff, Citizens for Responsibility and Ethics in Washington ("CREW"), asserts a claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the U.S. Department of Justice ("DOJ"). The parties have conferred by telephone and email. They have not agreed on a schedule for the processing and production of the records sought by Plaintiff, but instead have provided separate statements below. The parties, however, do agree that any decisions about potential briefing schedules or other scheduling matters should await the completion of the document production.

**Plaintiff's Position**

This case concerns an expedited FOIA request CREW submitted to the FBI more than six months ago for records related to an investigation conducted by the FBI's Office of Professional Responsibility that was used to justify the firing by Attorney General Jeff Sessions of former FBI Deputy Director Andrew McCabe. As CREW explained when seeking expedition, the subject of its request is of widespread and exceptional media interest, and that is more true now than ever. The very integrity of DOJ is at issue, given the numerous and serious questions surrounding Mr. McCabe's firing and concerns that the decision was a political one made at the urging of

President Donald Trump. Indeed, to this day the President continues to post invective-filled tweets about Mr. McCabe, accusing him of disloyalty and worse. In these circumstances, the public interest in the requested documents is at an apex.

Remarkably, however, the FBI has yet to release a single document. Instead it seeks leave of the Court to proceed at a leisurely, business-as-usual pace, processing an average of 25 pages per day, that would result in a final production nearly one year after CREW submitted its request. Missing from defendant's request, however, are critical details such as when the FBI began processing CREW's request (beyond noting it did not happen "immediately"), how CREW's request compares with others the FBI is processing in terms of scope and complexity, precisely how many other requests the FBI is processing concurrently with CREW's request, and whether the FBI also is processing or has processed similar or overlapping requests. Nor has the FBI provided the Court with the kinds of details necessary to justify what is, in effect, a request for an *Open America* stay. DOJ is silent as to how many resources it has to process requests like that of CREW, whether it has requested additional resources, or whether and how it faces exceptional circumstances. Absent these facts, the Court cannot conclude the FBI's proposed schedule is reasonable.

Many believe the actions of the President and his administration have left the country on the verge of a constitutional crisis. This is not mere verbiage; there is widespread fear that both the Attorney General and Deputy Attorney General Rod Rosenstein will soon face the same fate as Mr. McCabe – a summary termination to protect the President from the ongoing investigation by Special Counsel Robert Mueller. The termination of Mr. McCabe just two days before he was to retire – an action that cost this career public servant his pension and worse – has raised serious questions about the underlying motive for the termination that persist to this day. The public

deserves prompt answers. Accordingly, the FBI should be ordered to proceed in a more expeditious fashion and complete its processing of CREW's request by December 31, 2018 – nine and one-half months after receiving the request.

**Defendant's Position**

Plaintiff submitted a FOIA request to the FBI seeking documents from the FBI's Office of Professional Responsibility related to the dismissal for former FBI Deputy Director Andrew McCabe. There are approximately 2,200 pages of records that are potentially responsive to Plaintiff's request. The FBI has offered to produce non-exempt portions of documents subject to FOIA and responsive to Plaintiff's request on a rolling basis, by posting them on the FBI's website and sending copies, on CD, to Plaintiff via the U.S. Postal Service or other delivery service. Under the FBI's proposal, the first production would occur on October 15, 2018. At that point, the FBI will have reviewed over 500 pages of potentially responsive records. The FBI would then review potentially responsive records at a rate of 500 pages per month (unless and until there are fewer than 500 potentially responsive pages remaining), with subsequent releases occurring on November 15, 2018, December 17, 2018, January 16, 2019, and February 14, 2019.[1] Thus, the FBI anticipates completing the production under this proposal by February 14, 2019.

Plaintiff contends that this production schedule is too long and that the FBI should complete its production by December 31, 2018. Specifically, plaintiff notes that five months have already passed since it submitted its FOIA request and that the FBI's schedule would require it to process only about 25-pages per day.

---

[1] Each release date listed is the day that the records would be posted on the website and provided to the delivery service for shipment, meaning that Plaintiff would receive its physical copy on a subsequent day.

Neither argument justifies requiring the FBI to process documents on a faster schedule. It is true that several months have passed since CREW submitted its FOIA request. But it is also true that the FBI will receive around 32,000 FOIA requests this year, an all-time high for FOIA request intake – and that the requests have increased in complexity in recent years. These other requests need to be processed as well. Accordingly, the FBI did not start processing Plaintiff's request immediately primarily because it was working on processing other expedited FOIA requests ahead of Plaintiff's in the queue. It is, however, currently processing Plaintiff's request.

Moreover, that Plaintiff submitted its request several months ago, does not alter the appropriate processing rate for documents going forward. The FBI has a general policy of processing records at a rate of 500-pages per month – and for good reasons. <u>First</u>, by making rolling releases in 500-reviewed pages increments, the FBI avoids a system where a few large requests monopolize finite processing resources resulting in fewer pages provided to fewer requesters on a more infrequent basis. <u>Second</u>, by working in 500-page increments, FBI has found that more pages get processed, reviewed, and released to more requesters each month because the policy helps manage work flow. <u>Third</u>, processing requests in 500 page increments works well with the FBI's security needs, as many requests involve documents containing classified information that must be carefully reviewed, increasing review time.

While the FBI could process more than 500 pages for an individual requester each month (within limits), doing so would mean diverting processing resources from other requests – including older pending requests that are not in litigation– thereby resulting in a less equitable distribution of the FBI's finite processing resources.

The FBI's proposed production schedule is reasonable.  It would result in Plaintiff receiving non-exempt records (subject to FOIA) on a rolling basis starting in mid-October, and all non-exempt responsive records subject to FOIA by mid-February 2019, or about five months from now; Plaintiff is not being asked to wait years for the production to be completed. Moreover, the schedule accords with the FBI's policy for equitably handling the tens of thousands of FOIA cases that it receives a year.  Unfortunately, not everyone can receive special treatment:  Special treatment for one requestor harms another requestor – or many of them. Thus, both in terms of absolute processing time and in the context of the tens of thousands of FOIA requests received each year by the FBI, the FBI's proposed schedule in this case is reasonable.

Date: September 26, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Assistant Branch Director

    *s/Justin M. Sandberg*
JUSTIN M. SANDBERG (Ill. Bar. No. 6278377)
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, D.C. 20530
Tel.:   (202) 514-5838
Fax:   (202) 616-8202
Email: justin.sandberg@usdoj.gov

*Counsel for Defendant*


  */s/ Anne L. Weismann*
Anne L. Weismann
(D.C. Bar No. 298190)
Adam J. Rappaport
(D.C. Bar 479866)
Citizens for Responsibility and Ethics in Washington
455 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 408-5565
Email: aweismann@citizensforethics.org

*Counsel for Plaintiff*