IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY )<br>AND ETHICS IN WASHINGTON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>_____ ) | No. 1:18-cv-1766-RBW<br><br>**FILED EX PARTE<br>UNDER SEAL** |

## DECLARATION OF STEPHEN F. LYONS

I, Stephen F. Lyons, declare as follows:

1.      I am a Special Agent with the U.S. Department of Justice Office of the Inspector General (DOJ-OIG). I have held this position since 2004. DOJ-OIG's mission is to deter waste, fraud, abuse, and misconduct in Department of Justice programs and personnel, and to promote economy and efficiency in those programs. During my tenure at DOJ-OIG, I have conducted both criminal and administrative investigations aimed at that mission. Those investigations have involved allegations of fraud, corruption, false statements, wasteful spending, and professional misconduct, among other allegations. In furtherance of the investigations on which I have worked, I have interviewed witnesses, prepared affidavits in support of search warrants, reviewed documents and records, and used other typical law enforcement investigative measures.

2.      In my capacity as a DOJ-OIG Special Agent, I participated in or am aware of administrative investigations and reviews conducted by DOJ-OIG related to the Department of Justice and FBI's actions in advance of the 2016 election. These investigations resulted in DOJ-OIG publishing reports, which are publicly available on DOJ-OIG's website, including:

FILED EX PARTE, UNDER SEAL

      a.    "A Report of Investigation of Certain Allegations Relating to Former FBI Deputy Director Andrew McCabe" (February 2018; redacted version published April 13, 2018); and

      b.    "A Review of Various Actions by the Federal Bureau of Investigation and Department of Justice in Advance of the 2016 Election" (June 14, 2018).

3.    Information discovered during the investigations leading to these reports prompted DOJ-OIG to refer misconduct allegations to the U.S. Department of Justice and U.S. Attorney's Office for the District of Columbia for review. Specifically, DOJ-OIG referred an allegation that former FBI Deputy Director Andrew McCabe made false statements to law enforcement officials about the disclosure of law enforcement sensitive information to the media.

4.    The U.S. Attorney's Office for the District of Columbia is investigating the referral to determine whether criminal charges against McCabe are warranted. I will hereinafter refer to that investigation as the "ongoing criminal investigation." Although McCabe himself has publicly acknowledged the referral, neither the U.S. Department of Justice, to include DOJ-OIG, nor the U.S. Attorney's Office, has ever publicly acknowledged the referral, the ongoing criminal investigation, or any details about it, including the subject, scope, or focus.

5.    I am not personally involved in the ongoing criminal investigation. I am aware of the nature of the investigation based on my work on the administrative investigations identified in Paragraph 2. I am aware that the criminal investigation is ongoing from conferring with the U.S. Attorney's Office and DOJ-OIG personnel who are working on the criminal investigation with the U.S. Attorney's Office.

6.    I have reviewed and am familiar with the documents at issue in this motion, which had been originally compiled by DOJ-OIG in furtherance of the administrative investigations

FILED EX PARTE, UNDER SEAL

identified in Paragraph 2, but which have also been compiled by U.S. Attorney's Office and DOJ-OIG personnel working on the ongoing criminal investigation. I identify the documents below according to unredacted information on the first page of each document. Hereinafter, I will refer to the documents as the "Subject Documents." They are:

    a. Transcript and Notes with handwritten label 263D-HQ-[REDACTED]-12 (50 pages);

    b. Interviews, Signed Sworn Statement, and Notes with handwritten label 263D-HQ-[REDACTED]-13 (20 pages);

    c. Handwritten notes labeled "DD McCabe Interview" (5 pages);

    d. MOI with handwritten label 263D-HQ-[REDACTED]-18 (3 pages);

    e. Toll Records, Texts, E-mails (including [REDACTED] E-mail) with handwritten label 263D-HQ-[REDACTED]-16 (15 pages); and

    f. Letter to Michael E. Horowitz, re: Draft Report Regarding FBI Deputy Director Andrew G. McCabe, with handwritten label 263D-HQ-[REDACTED]-5 (10 pages).

7. The Subject Documents pertain to events currently within the scope of the ongoing criminal investigation and fall into the following three categories:

    a. <u>Category 1</u>: Emails and text messages exchanged contemporaneously to and regarding events currently within the scope of the ongoing criminal investigation, along with toll records reflecting communications in the same time period. The senders and recipients of these communications are witnesses or potential witnesses in the ongoing criminal investigation and could be called as witnesses in any law enforcement proceedings

FILED EX PARTE, UNDER SEAL

that arise from the ongoing criminal investigation. The emails, text messages, and toll records could be exhibits in future law enforcement proceedings.

    b.    Category 2: Memorializations—by transcript, notes, memoranda, or swearing—of statements by and interviews of FBI personnel who are witnesses in the ongoing criminal investigation and who could be called as testifying witnesses in any law enforcement proceedings that arise from the ongoing criminal investigation. The statements were given to, and the interviews were conducted by, either DOJ-OIG in furtherance of the administrative investigations identified in Paragraph 2, or to the FBI Inspections Division (FBI-INSD). The DOJ-OIG and FBI-INSD personnel involved in conducting and memorializing the statements and interviews are also witnesses or potential witnesses in the ongoing criminal investigation; they also could be called as testifying witnesses in law enforcement proceedings arising from the ongoing criminal investigation. This is because the information relayed in these statements and interviews, along with the circumstances under which they were taken and conducted, are matters within the scope of the ongoing criminal investigation.

    c.    Category 3: A letter from McCabe's legal team to the Inspector General of the U.S. Department of Justice addressing a draft of the report about his conduct, as identified in Paragraph 2(a). The letter, over which McCabe's legal team requested confidential FOIA treatment, sets forth McCabe's position about certain assertions in the draft report, including the allegations of misconduct resulting in the referral to the U.S. Attorney's Office for the District of Columbia. Among other things, the letter contains information about and levels an allegation against a former DOJ-OIG official that was involved in the administrative investigation. That official is a witness in the ongoing

FILED EX PARTE, UNDER SEAL

criminal investigation and could be a witness in any law enforcement proceedings that arise from the criminal investigation.

8. Unredacted disclosure of the Subject Documents risks interfering with the ongoing criminal investigation, including jeopardizing any law enforcement proceedings that could arise from the criminal investigation, as set forth with more specificity below.

9. Unredacted disclosure of the Subject Documents within Categories 1, 2, and 3 would harm the ongoing criminal investigation and any resulting law enforcement proceedings, even if that information is already known to McCabe, in the following ways:

   a. First, unredacted disclosure would publicly reveal witnesses and potential witnesses. In light of intense public scrutiny already given to the events subject to the DOJ-OIG reports identified in Paragraph 2, revealing the identities of those witnesses risks subjecting them to public scrutiny that could be embarrassing or intimidating—intentionally or unintentionally—and could discourage their participation or influence their testimony in future law enforcement proceedings. Public disclosure of potential witnesses could also prompt those witnesses to communicate with each other about past events, past testimony, and potential future testimony, thereby influencing their recollection and interpretation of past events and impacting any future testimony they may be called upon to provide.

   b. Second, unredacted disclosure risks revealing individual witnesses' accounts and interpretations of events to each other. Knowledge of how another witness interprets events by reading emails or text messages to which they may not have been a party, or by reading their testimony or statements recounting past events, risks influencing witnesses' potential future testimony.

5

  c. Third, unredacted disclosure risks revealing not just the content of witness communications in the time period relevant to the ongoing criminal investigation, but that the witnesses were communicating at all. For example, unredacted disclosure of the toll records would reveal when and to what extent specific individuals were communicating, which risks leading other witnesses to draw conclusions based on information to which they would not otherwise be privy.

  d. Fourth, unredacted disclosure would provide information about the ongoing criminal investigation with a higher-degree of specificity than the public disclosure of the DOJ-OIG reports identified in Paragraph 2. Such particularized disclosure risks unnecessary embarrassment and scrutiny to McCabe and to witnesses, especially in the event that public law enforcement proceedings never arise from the criminal investigation. It also risks revealing the direction of the ongoing criminal investigation, including revealing the topics of potential testimony and the likely substance of that testimony in legal proceedings.

 10. Unredacted disclosure of the Subject Document in Category 3 would additionally harm the ongoing criminal investigation by revealing McCabe's specific interpretation of relevant events and his views about a specific DOJ-OIG official, which risks influencing testimony that the DOJ-OIG official and other witnesses could be called upon to provide in any law enforcement proceeding arising from the ongoing criminal investigation. Moreover, public disclosure of the McCabe letter could chill witness participation by raising the concern that information they provide to law enforcement may routinely be disclosed to the public.

 11. I have reviewed every page of the Subject Documents and conferred with the U.S. Attorney's Office for the District of Columbia. Based on that, I am aware of no information that

**FILED EX PARTE, UNDER SEAL**

has been withheld that could reasonably be segregated out and released which would not be likely to interfere with the ongoing criminal investigation and any law enforcement proceedings that may result from the ongoing criminal investigation, as set forth above. The redactions appear to me, based on my experience in law enforcement investigations and my conferral with the U.S. Attorney's Office and DOJ-OIG personnel who are involved in the ongoing criminal investigation, to be reasonably tailored to protect the integrity of the ongoing criminal investigation and any future law enforcement proceedings that may arise.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*

Stephen F. Lyons
Special Agent
Office of Inspector General
U.S. Department of Justice