**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY<br>AND ETHICS IN WASHINGTON,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)    No. 1:18-cv-1766-RBW<br>)<br>)<br>)<br>)<br>) |

## OPPOSITION TO PLAINTIFF'S MOTION ON PROCESSING ORDER

### INTRODUCTION

Plaintiff has filed a motion in which it seeks to dictate the sequence in which Defendant processes documents responsive to its Freedom of Information Act ("FOIA") request. Plaintiff's motion asks the Court to order Defendant to process first "transcripts and notes pertaining to Mr. [Michael] Kortan or Ms. [Lisa] Page." Plaintiff's Motion to Prioritize Processing of Documents Pertaining to Lisa Page and Michael Kortan and Supporting Memorandum of Points and Authorities (Mtn. to Prioritize), December 16, 2019, ECF No. 43, at 7. Plaintiff conspicuously fails to address what should happen in subsequent months if the Court were to grant its motion; presumably, Plaintiff will update its preferences on a rolling basis at the beginning of each month.

The Court should deny this motion. The law does not entitle FOIA requestors to dictate the order in which agencies process records. (Notwithstanding that fact, Defendant offered to prioritize the documents by category, within reason.) Moreover, a processing schedule based on the identity of interviewees is untenable because it would obviate the ability of Defendant to redact the names of the interviewees to protect their privacy, should it determine that such redactions are appropriate. Finally, there is no reason for the Court to exercise its equitable discretion to require the agencies to process records in such an irregular fashion. There is no exigency that requires certain records to be released first. Instead, Plaintiff argues that Defendant could object to this ad hoc, at-the-mercy-of-the-requestor approach only if it were trying to delay the release of certain

1

information. That argument refutes itself, but it is also refuted by the fact that, among other things, Defendant will produce pages from transcripts of interviews with Lisa Page as part of the December production.

## ARGUMENT
## FOIA DOES NOT PERMIT REQUESTERS TO INTERFERE IN AN AGENCY'S ORDINARY PROCESSING AND SEQUENCING OF DOCUMENT PRODUCTIONS

The FOIA does not entitle FOIA requestors to dictate the sequence in which agencies will process their requests. With certain conditions, the FOIA gives a requestor the right to receive non-exempt records or portions of records subject to the FOIA that are responsive to its request. 5 U.S.C. § 552. But nowhere in the statute did Congress give a FOIA requestor the right to dictate the order in which the responding agency processes records. The FOIA is a disclosure statute, not an agency micro-management statute. Congress undoubtedly recognized that agencies are in the best position to determine how best to use their limited resources to meet the demands of the FOIA, *see* FOIA.Gov, Department of Justice at a Glance, https://www.foia.gov/glance.html (noting that the Department of Justice received over 96,000 FOIA requests in 2018), and so did not outsource the task of directing agencies' FOIA operations to individual FOIA requestors scattered throughout the country.

Notwithstanding that Plaintiff has no right to dictate the order in which documents are processed, Defendant offered to attempt, consistent with resource limitations and the need to comply with the Court's 200-pages-per-month processing order, to prioritize documents by document categories (i.e., transcripts, interview notes, toll records, emails, etc.) identified by Plaintiff. Ex. A to Mtn, to Prioritize, at 2. Plaintiff responded that its "first priority is interview transcripts and notes, starting with FBI Assistant Director for Public Affairs Michael Kortan and Lisa Page." *Id.* at 2. Defendant did not agree to prioritize review on a rolling basis based on witness identity. *Id.* at 1. But Defendant agreed, so far as is possible consistent with resource limitations and the need to comply with the Court's order, to prioritize transcripts and interview notes. *Id*. at 1. (Indeed, the first production will consist entirely of interview notes and/or witness

transcripts.)  Thus, the following statement from Plaintiff's brief is incorrect (or misleading): "CREW requested prioritizing interview transcripts and notes, and that DOJ first release transcripts and notes of interviews with former FBI Assistant Director for Public Affairs Michael Kortan and former Special Counsel to Mr. McCabe Lisa Page.  DOJ refused this request . . . ."  Mtn. to Prioritize at 2.  Defendant did not "refuse[ ] th[e] request" to prioritize interview transcripts and notes, with the caveats noted above.

But as is evident from the filing of this motion, Defendant's agreement to prioritize interview notes and transcripts did not satisfy Plaintiff.  It wants Defendant to prioritize documents more specifically based on plaintiff's preferences, as updated on a monthly basis, starting with the Page and Kortan documents.  As an initial matter, when it comes to the December production, that is an impossibility.  The Court set a 200-pages-per month processing schedule based on OIG's resource limitation, as Plaintiff acknowledges.  *See* Mtn. to Prioritize at 1.  Even if Defendant adopted Plaintiff's approach today (December 20, 2019), it could not process 200 pages of Page and/or Kortan transcripts and/or notes in 11 days, especially with the holiday season approaching.

In addition to the flaws already identified, there is another legal obstacle to Plaintiff's request:  Prioritizing transcripts and interview notes by witness identity would obviate the ability of Defendant to invoke privacy-based exemptions, Exemptions 6 and 7(C), to protect the identities of witnesses, if appropriate.  *See* 5 U.S.C. § 552(b)(6) (protecting information in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy"); *id.* § 552(b)(7)(C) (protecting law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy").  Indeed, some of the interviewees are law enforcement personnel, such as agents with the FBI's Inspection Division, and courts have routinely approved the withholding of law enforcement personnel's identities to protect them from harassment.  *See Lesar v. United States Dep't of Justice*, 636 F.2d 472, 487-88 (D.C.Cir.1980) (concluding that there is a legitimate interest in preserving the identities of FBI agents where disclosure could subject them to annoyance or harassment); *James v. U.S. Secret Serv.*, No. CIV.A.06 1951 GK, 2007 WL

2111034, at *6 (D.D.C. July 23, 2007) ("The deletion of the names and identifying information of law enforcement personnel has been routinely upheld."). But if Defendant were required to process transcripts of the interviews of Individual A and Individual B in a given month, then its ability to make meaningful privacy redactions as to those individuals will have been gutted. Plaintiff's curiosity about certain records does not justify opening up law enforcement officials to harassment, when the FOIA would allow Defendant to legitimately protect their privacy.

Defendant has already provided ample reason to reject this motion. But there is more. Plaintiff has not provided a legal basis for its request that the Court exercise its equitable discretion to require Defendant to sequence document processing per Plaintiff's monthly requests. Plaintiff has not, for example, identified an exigency that requires the release of records in the order of its choosing. Instead, Plaintiff offers two wan arguments in an attempt to persuade the Court: (1) it "author[ed]" and submitted the FOIA request, Mtn. to Prioritize at 2; and (2) Defendant must be objecting to Plaintiff's request to prioritize records based on Plaintiff's whim, on a monthly basis, in "an effort to stall production of documents that would cast DOJ and high-level DOJ officials in a poor light," *id.* at 6.

Neither of Plaintiff's arguments is persuasive. The FOIA does not entitle requestors to dictate the sequence in which agencies process records. *See* 5 U.S.C. § 552. Thus, the fact that Plaintiff submitted a FOIA request does not tip the scales in its favor. Nor do Plaintiff's latest unsubstantiated allegations of misconduct move the needle. As already explained, Defendant's objection to Plaintiff's proposed flavor-of the-month approach rests on the significant logistical and legal flaws that inhere in the approach. Moreover, Defendant's conduct belies Plaintiff's stalling allegation: Not only has Defendant withdrawn its invocation of Exemption 7(A), but its first production will include pages from transcripts of interviews with Lisa Page.

## CONCLUSION

Accordingly, for the reasons stated above, the Court should deny Plaintiff's motion.

Date: December 20, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

    *s/Justin M. Sandberg*
JUSTIN M. SANDBERG (Ill. Bar. No. 6278377)
Senior Trial Counsel
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L Street NW, Room 11004
Washington, DC 20005
Tel.: (202) 514-5838
Fax:  (202) 616-8460
Email: justin.sandberg@usdoj.gov

*Counsel for Defendant*