## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:18-cv-1766-RBW |
| v. | ) ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) ) | **UNREDACTED** **FILED UNDER SEAL, EX PARTE** |
| Defendant. | ) ) ) | |

### DECLARATION OF J.P. COONEY

I, J.P. Cooney, declare as follows:

### Personal Background

1.    I have served as a federal prosecutor since April 2007.  Currently, I am an Assistant United States Attorney (AUSA) serving as the Chief of the Fraud and Public Corruption Section in the Criminal Division of the United States Attorney's Office—a position I have held since March 2018.  During my career, I have served as a line prosecutor in the Superior Court and Appellate Divisions of the United States Attorney's Office and as a line prosecutor and deputy chief in the Public Integrity Section in the Criminal Division of the United States Department of Justice.

2.    ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████

**The McCabe Matter**

3.   ██████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████   ████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████.

4.      Consistent with the longstanding policy and practice of the Department of Justice (to include the United States Attorney's Office), the Department did not confirm the existence of any criminal investigation of Mr. McCabe until acceding on November 14, 2019, to the unsealing of the Declaration of Stephen F. Lyons (the Lyons Declaration) filed on March 21, 2019, in this civil suit. ██████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████

5.   ██████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████

6.   ██████████████████████████████████████

██████████████████████████████████

▮

## The Harm of Disclosure

7.     Prosecutorial discretion and prosecutors' capacity to address Court inquiries like the ones made in this matter would be harmed substantially by unsealing any of the transcripts of the sealed ex parte hearings. █████████████████████████████████████

███████

8.     ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████

9.     As I noted to this Court during the sealed ex parte portion of the the November 14, 2019, hearing, the discretion of whether and when to seek criminal charges is a matter strictly within the discretion of the Executive Branch. In response to specific inquiries by a federal court, such as the inquiries posed in this matter, it is sometimes appropriate to reveal limited information under seal and ex parte about the scope and nature of a criminal investigation, as the Department elected to do here.   In so doing, however, federal prosecutors must have confidence that deliberative matters reserved to prosecutorial discretion will not be publicly disclosed later, simply because the specific purpose for the limited disclosure has passed, an investigation has continued on for a long time, or some other circumstance occurs. Subsequent public disclosure of sensitive information about criminal investigations—such as projected timeframes for decisions, the difficulty of certain decisions, the persons involved in decisions, or the precise scope and nature of a criminal investigation (all of which were touched upon in the sealed ex parte hearings)—risks

3

chilling prosecutors' ability to lend insight to courts about discretionary matters. Chilling such exchanges, which are appropriate in limited instances, risks hindering communication between the Executive Branch and Judicial Branch that is directed at serving important public interests.

10.     The records sought by the plaintiff's Freedom of Information Act (FOIA) request and lawsuit are different from the information that I provided the Court during the sealed ex parte hearings. The FOIA records relate to the substantive misconduct and criminal allegations against Mr. McCabe and the process leading to his dismissal from the FBI's rolls; the information discussed in the sealed ex parte hearings relates to the Department of Justice's exercise of prosecutorial discretion concerning those allegations. There is an important distinction between the substantive allegations underlying a criminal investigation and the deliberative process leading to a prosecutorial decision. Here, the Department has determined that the public interest weighs in favor of relenting in certain FOIA exemptions so that the public can access information about a serious allegation of misconduct and potential criminality by the former second-ranking law enforcement official in the FBI. But that determination does not and should not extend to information about the Department's deliberative process, which is fundamentally different. Unsealing ex parte communications with the Judicial Branch concerning prosecutorial discretion is unnecessary to the public's access to information about the substantive allegations and will hinder prosecutors' ability to share such information in the future.

11.     It is important that prosecutorial discretion remain restricted to the Executive Branch. Where there exists concern—real or perceived—that the Judicial Branch is forcing the hand of prosecutors through public disclosure of discretionary information confided in an ex parte proceeding, prosecutorial discretion is eroded; in that circumstance, there is a risk that the public will perceive that a court influenced a prosecutorial decision about matters such as whether to

bring charges and the timeframe within which they should be brought. That concern is heightened here, where the McCabe Matter remains open and the Department of Justice has not finalized a decision regarding its exercise of prosecutorial discretion.

12.     Moreover, unsealing the ex parte hearing transcripts threatens specific harm to the integrity of the McCabe Matter. The discretionary information supplied during the hearings, though responsive to the Court's specific inquiries, is incomplete. Specifically, the Court's central inquiry related to the timing of a prosecutorial decision. What was not disclosed at the hearings were the specific factors contributing to the length of the investigation,

To understand the Department's exercise of prosecutorial discretion in this case would necessitate a broader disclosure of internal deliberative information than contained in the sealed ex parte hearing transcripts, including information that would risk prejudicing the reputation of witnesses and Mr. McCabe himself. The incomplete disclosure of information about prosecutorial discretion through unsealing the ex parte hearing transcripts risks unfairly calling into question the integrity of the investigation and any future decisions on the McCabe Matter.

13.     For the most part, prosecutors speak through charging documents or they do not speak at all. The information shared with the Court about the Department's internal deliberations over the McCabe Matter was not intended to be shared beyond the participants in that hearing— the information was intended to assure the Court that the Department was carrying out its obligations. Maintaining the confidentiality of that information is important to maintaining prosecutorial discretion, including federal prosecutors' confidence that the deliberative process in which they engage will not be infringed upon—even inadvertently—by federal courts.

5

14.     Finally, having been involved in many investigations like this one, where the allegations under investigation are the subject of public scrutiny, I anticipate that the release of the sealed ex parte transcripts here would prompt similarly situated investigation subjects to try and leverage civil process, such as FOIA, to invade upon prosecutorial discretion. That would risk the disclosure of information that could undermine a criminal investigation. It would also undermine FOIA's Exemption 7(A)'s purpose, insert courts into Executive Branch functions, and threaten the well-established principle that prosecutorial discretion should be restricted to the Executive Branch.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

J.P. Cooney          12/10/2019
J.P. Cooney
Chief
Fraud and Public Corruption Section
Criminal Division
United States Attorney's Office for the District of Columbia

Signed December 10, 2019